IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Benjamin Lewis Anderson, ) <br> ) <br>                           Plaintiff, ) <br> ) <br>      vs. ) <br> ) <br> Davita Upstate Dialysis Center and ) <br> Carolina Nephrology, ) <br> ) <br>                           Defendants. ) <br> ) | Civil Action No. 6:15-1706-MGL-KFM <br><br> **REPORT OF MAGISTRATE JUDGE** |

        The plaintiff is a resident of Lancaster, South Carolina. The defendants are a dialysis center and a nephrology medical practice in Greenville, South Carolina. This is the third case filed in this court by the plaintiff regarding the dialysis center, and many of the issues raised here have been addressed by the court in the prior cases.[1] In addition, the plaintiff discloses that he has a pending civil action against the dialysis center in the Court of Common Pleas for Greenville County: *Benjamin L. Anderson v. DaVita Upstate Dialysis Center*, Case No. 2014-CP-23-6070.

        In the present case, the plaintiff alleges that the defendants have violated his civil rights and have engaged in a deprivation of "equal privileges and immunities" with a "class-based invidiously discriminatory animus," sexual harassment, and retaliation for protected activities (doc. 1 at 3). He also alleges that employees at the dialysis center and

---

[1] *Benjamin Lewis Anderson v. Davita Upstate Dialysis Center; and Loma Linda University Medical Center, of the Adventist Health System*, C.A. No. 6:15-1114-MGL-KFM (dismissed by the April 2, 2015, Order of the Honorable Mary G. Lewis, United States District Judge), and *Benjamin Lewis Anderson v. Davita Upstate Dialysis Center*, C.A. No. 6:15-1361-MGL-KFM (Report and Recommendation for dismissal pending).

the medical facility acted inappropriately and made improper comments to him, and he cites his concerns of being targeted by satellite transmissions (*id*. at 3-9). Attached to his complaint is a copy of a petition for rehearing filed by the plaintiff in the California Court of Appeal (Fourth District) on March 11, 1993, in *Benjamin L. Anderson v. Linda Linda Community Hospital, et al.*, Case No. E012274SVC261723, where the plaintiff had brought suit based on the alleged use of satellite microwaves against him.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The plaintiff is a *pro se* litigant, and thus the plaintiff's pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The defendants, as a private companies or entities, have not acted under color of state law insofar as the plaintiff's claims under 42 U.S.C. § 1983 are concerned. *See American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50–52 (1999); and *Childress v. First Citizens Bank*, Civil Action No. 2:13-1010-SB, 2013 WL 3229867, at *4 (D.S.C. June 25, 2013).

In any event, verbal harassment is not actionable under 42 U.S.C. § 1983. *Merriweather*, 586 F. Supp. 2d at 557 ("Moreover, the alleged verbal harassment, which is expressly alleged in the original complaint and alluded to in the amended complaint,

does not constitute the violation of any federally protected right."). Emotional distress is also not actionable under Section 1983. *Id.* at 558–59.

This court need not consider the plaintiff's repetitive claims regarding racial discrimination and sexual harassment in the above-captioned case. *See Long v. Ozmint*, 558 F. Supp. 2d 624, 629 (D.S.C. 2008) ("'The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.'"). To the extent they are not repetitive, the undersigned finds that the new allegations are likewise insufficient to state a claim in this court.

Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process. The plaintiff's attention is directed to the Notice on the next page.

April 22, 2015  
Greenville, South Carolina

s/Kevin F. McDonald  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).