IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Benjamin Lewis Anderson,  ) | Civil Action No.: 6:15-cv-1706 |
| ) | |
| Plaintiff,  ) | |
| ) | |
| v.  ) | **ORDER AND OPINION** |
| ) | |
| Davita Upstate Dialysis Center and Carolina  ) | |
| Nephrology,  ) | |
| ) | |
| Defendants.  ) | |
| _____ ) | |

Plaintiff Benjamin Lewis Anderson ("Plaintiff"), proceeding *pro se*, brought this action against Defendants Davita Upstate Dialysis Center and Carolina Nephrology ("Defendants"). (ECF No. 1.) The matter is before the Court on Plaintiff's Motion for Recusal. (ECF No. 15.) Also pending for review is the Report and Recommendation of the United States Magistrate Judge recommending that this action be summarily dismissed without prejudice and without service of process. (ECF No. 10.) The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

## ANALYSIS

The Magistrate Judge filed the Report and Recommendation on April 22, 2015, recommending that Plaintiff's claims be summarily dismissed for failure to state a claim. (ECF No. 10.) Plaintiff filed objections on May 1, 2015, asserting that the Magistrate Judge's review of his complaint is flawed. (ECF No. 13.) Plaintiff argues that his complaint states a conspiracy claim under 42 U.S.C. § 1985, against the above-referenced Defendants, and indicates that the Magistrate Judge incorrectly analyzed his claim under 42 U.S.C. § 1983 only. The Court has carefully reviewed Plaintiff's objections, the Report and Recommendation, as well as the entire record in this case. Having done so, the Court finds no error in the Magistrate Judge's recommendation for summary dismissal.

The Court has conducted a careful and independent review of Plaintiff's complaint in light of the objections. Plaintiff apparently claims that in making alleged derogatory statements toward him, Defendants conspired together to deprive Plaintiff of the equal privileges of receiving dialysis treatment on the basis of race. (ECF No. 1.) In order to maintain a conspiracy claim under 42 U.S.C. § 1985(3), Plaintiff must have evidence showing: "(1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy." *Simmons v. Poe*, 47 F.3d 1370, 1376–1377 (4th Cir.1995). Liberally construing Plaintiff's claims, Plaintiff has presented insufficient factual allegations of any actionable race or other class-based discrimination to state a cognizable claim under § 1985(3). *See Simmons v. Poe*, 47 F.3d at 1376–77. Further, Plaintiff's generalized, broad, and conclusory allegations of conspiracy against the Defendants are insufficient to support a

§ 1985 claim. *See Simmons v. Poe*, 47 F.3d at 1377 (conclusory allegations of a conspiracy are insufficient to support a § 1985(3) claim). Accordingly, despite Plaintiff's objections, this action is still subject to summary dismissal.

Briefly, the Court will address Plaintiff's motion for recusal recently filed in the above-referenced case. Plaintiff claims that the judges' analysis of his last two complaints are biased, unjust, and in error. (ECF No. 15.) Plaintiff's disagreement with a judge's ruling, or even the recommendation of the Magistrate Judge, does not provide a basis for disqualification under the statutes governing recusal and disqualification of judges. Both 28 U.S.C. §§ 144 and 455(b)(1) require disqualification on the basis of a personal bias or prejudice harbored by the judge against or in favor of one of the parties. This bias or prejudice must generally derive from an extrajudicial source, i.e., a source outside of the judicial proceeding at hand in order to disqualify a judge. *Belue v. Leventhal*, 640 F.3d 567, 572-573 (4th Cir. 2011). As the United States Supreme Court has instructed, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Accordingly, Plaintiff's motion for recusal (ECF No. 15) is DENIED.

## **CONCLUSION**

After a thorough review of the record in this case and the Report and Recommendation of the Magistrate Judge pursuant to the de novo standard set forth above, the Court adopts and incorporates the Report and Recommendation herein to the extent it is consistent with this order. For the reasons set forth in the Magistrate Judge's recommendation and for the reasons set forth above, It is therefore ORDERED that Plaintiff's complaint be dismissed, without prejudice and without service of process.

-4-

IT IS SO ORDERED.

/s/Mary G. Lewis
United States District Judge

May 28, 2015
Columbia, South Carolina

*****
NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.